UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MR. SCOTT JEFFREY MELNICK, | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | NO. 5:14-cv-3060 |
| | : | |
| THE DULSKI, ET AL., | : | |
| Defendants.[1] | : | |

**MEMORANDUM**

On May 29, 2014, Plaintiff Scott Jeffrey Melnick, a resident of Allentown, Pennsylvania, filed a pro se complaint in the above-captioned case. (Doc. 1). On October 22, 2014, he filed an amended complaint against the Estate of the Late Mr. Joseph Edward Dulski, who resided in Allentown, Pennsylvania.[2] (Doc. 3). Plaintiff alleges that he made a "verbal and binding contract [with Mr. Dulski] to proceed through cooperative ventures to win lotteries." (Id. at ¶ 8). Plaintiff claims that he has the "ability to tell" someone how to win a lottery jackpot. (Id. at ¶ 12). He mentions various individuals who purportedly won lotteries over the past two (2) decades based on his "goodly predictions for the asking." (Id. at ¶ 72). From what can be discerned from the pleadings, Plaintiff alleges that he entered into agreements with these individuals to receive a share of the proceeds from their lottery winnings in exchange for his

---

[1] Plaintiff's amended complaint names the Estate of the Late Mr. Joseph Edward Dulski as the sole Defendant. (Doc. 3). The other Defendants named in the original complaint were therefore terminated as parties to this action. See Suber v. Guinta, 927 F. Supp. 2d 184, 188 (E.D. Pa. 2013) (terminating a party who was not named as a defendant in the second amended complaint).

[2] Although it does not appear from the record that Defendant was properly served, which could provide an independent basis for dismissal, this Court will dismiss the action for the reasons set forth herein instead of going through the process of notifying Plaintiff of the Court's intent to dismiss. See FED. R. CIV. P. 4(m).

"explanation ... about the winning of lottery fortunes!" (Id. at ¶ 112).[3]  For the reasons set forth below, the amended complaint will be dismissed with prejudice.

**Discussion**

The allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Nevertheless, a "federal court may sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion.'" DeGrazia v. FBI, 316 Fed. Appx. 172, 173 (3d Cir. 2009) (quoting Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).  Additionally, a "district court may sua sponte dismiss a complaint for failure to comply with Rule 8, but dismissal is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Tillio v. Spiess, 441 Fed. Appx. 109, 110 (3d Cir. 2011) (internal quotations omitted); FED. R. CIV. P. 8(a) (requiring a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief").

Here, the allegations in the amended complaint are "fantastical and entirely insubstantial [in] nature." See Melnick v. Pizza, 2015 U.S. Dist. LEXIS 10169, *3 (E.D. Pa. Jan. 28 ,2015) (finding that Melnick's complaint, which was similar to the one at issue here, was "an unbelievable and meritless claim of a contract to profit from Plaintiff's psychic abilities, with no

---

[3] The amended complaint contains numbered paragraphs 1-120.  See (Doc. 3, pp. 1-12).  Then, instead of paragraph 121, it continues with paragraphs 111-132.  (Id. at pp. 12-13).  The citation above is to the second occurrence of paragraph 112.

conceivable jurisdictional link," and dismissing the action without leave to amend).[4]  In addition to alleging that Plaintiff has the ability to make winning lottery predictions, the amended complaint states that "[o]n May 9th 2013 the plaintiff saw a dead defendant" and that "Joe's compelling spirit was still alive...." (Doc. 3, ¶¶ 122-123).  Because the allegations are absolutely devoid of merit, this Court finds that any amendment would be futile.  See Tillio, 441 Fed. Appx. at 110, citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Moreover, there does not appear to be any basis for diversity jurisdiction under 28 U.S.C. § 1332 because Plaintiff and Defendant are not citizens of different states, nor does there appear to be federal question jurisdiction pursuant to 28 U.S.C. § 1331.  See Bangura v. Elwyn, Inc., 461 Fed. Appx. 87, 88 (3d Cir. 2012); Melnick, 2014 U.S. Dist. LEXIS 104469 at *4-5 n.3 (finding no basis for federal question or diversity jurisdiction).

Accordingly, the amended complaint will be dismissed with prejudice.  A separate Order will be issued.

BY THE COURT:

Date: March 13, 2015

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR., J.

---

[4] See also Melnick v. Young's Cleaners, 2015 U.S. Dist. LEXIS 10193 (E.D. Pa. Jan. 28, 2015) (dismissing with prejudice Melnick's complaint alleging that he made an agreement to tell the defendant how to win the lottery); Melnick v. Dellisant, 2015 U.S. Dist. LEXIS 10189 (E.D. Pa. Jn. 28, 2015) (same); Melnick v. Beth El, 2015 U.S. Dist. LEXIS 10199 (E.D. Pa. Jan. 28, 2015) (same); Scott J. Melnick v. The White House, No. 14-cv-2855 (E.D. Pa. Sept. 8, 2014) (same); Melnick v. Wells Fargo Bank, 2014 U.S. Dist. LEXIS 104475 (E.D. Pa. July 30, 2014) (same); Melnick v. Segal, 2014 U.S. Dist. LEXIS 104472 (E.D. Pa. July 30, 2014) (same); Melnick v. Krochta, 2014 U.S. Dist. LEXIS 104469 (E.D. Pa. July 30, 2014) (same).  In light of these cases, dismissing essentially the same claim as that presented herein, the matter is "no longer open for discussion."  See DeGrazia, 316 Fed. Appx. at 173.